Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200714-170373
DATE: July 14, 2021

ORDER

An annual clothing allowance for the 2019 calendar year for a right arm support device is granted.

FINDING OF FACT

The Veteran's right arm support device, worn to treat a service-connected disability, for the 2019 calendar year, tended to wear out or tear his clothing.

CONCLUSION OF LAW

The criteria for a clothing allowance for the 2019 calendar year for a right arm support device are met. 38 U.S.C. §§ 1162, 5107; 38 C.F.R. § 3.810.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1953 to May 1979. He died in April 2021. The appellant is the Veteran's surviving spouse, who was substituted as the claimant for the purposes of processing the Veteran's claim to completion. See 38 U.S.C. §§ 5121, 5121A; 38 C.F.R. § 3.1010(a); see also 38 C.F.R. § 3.1000(h) (clothing allowance under 38 U.S.C. § 1162 remaining due and unpaid at the date of the veteran's death is payable as an accrued benefit). Prior to this, in 2018, the appellant was appointed the Veteran's fiduciary for purposes of VA benefits.

This appeal is before the Board of Veterans' Appeals (Board) from a June 2020 decision of a Department of Veterans Affairs (VA) Medical Center, which constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. See 38 C.F.R. § 3.2400(a)(1). The June 2020 decision granted a clothing allowance for use of a manual wheelchair, but denied a clothing allowance for an "arm sling."

In her July 2020 VA Form 10182, Decision Review Request: Board Appeal, the appellant elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The law provides for payment of an annual clothing allowance for each veteran who, because of a service-connected disability, wears or uses a prosthetic or orthopedic appliance (including a wheelchair) which VA determines tends to wear out or tear the clothing of the veteran, or uses medication which a physician has prescribed for a skin condition which is due to a service-connected disability and VA determines causes irreparable damage to the veteran's outer garments. 38 U.S.C. § 1162.

The implementing regulation, 38 C.F.R. § 3.810, provides, in pertinent part, that an annual clothing allowance may be granted when the Under Secretary for Health or a designee certifies that a veteran, because of a service-connected disability or disabilities, wears or uses one qualifying prosthetic or orthopedic appliance (including, but not limited to, a wheelchair) which tends to wear or tear clothing, or that a veteran uses medication prescribed by a physician for one skin condition, which is due to a service-connected disability, that causes irreparable damage to the veteran's outer garments. 38 C.F.R. § 3.810(a)(1)(ii).

A veteran is entitled to an annual clothing allowance for each such prosthetic or orthopedic appliance (including, but not limited to, a wheelchair) or medication used by the veteran if each appliance or medication affects a distinct type of article of clothing or outergarment. 38 C.F.R. § 3.810(a)(2).

A veteran is entitled to two annual clothing allowances if a veteran uses more than one such prosthetic or orthopedic appliance, (including, but not limited to, a wheelchair), medication for more than one skin condition, or an appliance and a medication, and the appliance(s) or medication(s) together tend to wear or tear a single type of article of clothing or irreparably damage a type of outergarment at an increased rate of damage to the clothing or outergarment due to a second appliance or medication. 38 C.F.R. § 3.810(a)(3).

An annual clothing allowance for the 2019 calendar year for a right arm support device is granted.

In the year 2019, the Veteran's service-connected disabilities included loss of use of the right hand due to acute ischemic left MCA stroke.

The Veteran's February 2019 claim for 2019 clothing allowances includes a claim for a "Rigid right arm support," for service-connected loss of use of the right arm and hand, and with claimed impact on the areas of the right elbow, forearm, and wrist. As reflected in a November 2019 statement, the appellant asserts that the Veteran's right arm was constantly in a VA-provided prostetic arm support, resulting in excessive wear on his shirt sleeves. 

VA medical records reflect that the Veteran's prescribed orthopedic appliances included a large shoulder immobilizer with neck padding.

The June 2020 AOJ decision denied a clothing allowance for an "arm sling" on the basis that standard arm slings did not meet the criteria for a clothing allowance.

The AOJ did not provide any further explanation as to why an arm sling would not meet the criteria for a clothing allowance (i.e., not tend to wear out or tear clothing), or why the Veteran was determined to have been prescribed a standard arm sling, in light of the appellant's November 2019 assertions to the contrary. 

The Board finds the appellant's assertions regarding the wear on the Veteran's shirt sleeves credible in light of the evidence regarding the nature of his orthopedic device, and the lack of persuasive evidence to the contrary.

Considering the above, and resolving reasonable doubt in the appellant's favor, the Board finds that the Veteran's right arm support device, for the 2019 calendar year, tended to wear out or tear his clothing. Accordingly, a clothing allowance is warranted for the 2019 calendar year based on the Veteran's use of a VA-issued right arm support device for his service-connected right upper extremity disability. See 38 U.S.C. § 5107.

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Andrew Mack, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.